# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**MARIO COLLINS**                                                                                    **PLAINTIFF**

**V.**                                          **NO. 2:23-cv-173-DPM-ERE**

**DICKERSON**                                                                                      **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation.  Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

On August 8, 2023, Plaintiff Mario Collins, an inmate at the Crittenden County Detention Facility ("Detention Facility"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 1*. Mr. Collins' complaint alleged that Nurse Dickerson denied him adequate medical treatment.

On August 23, 2023, the Court entered an Order explaining to Mr. Collins that

his original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 4*. The Order specifically warned Mr. Collins that if he failed to file an amended complaint, the Court would screen his original complaint, which would likely result in the dismissal of this case. *Id.* at 6.

To date, Mr. Collins has not filed an amended complaint clarifying his constitutional claims, and the time to do so has passed. The Court will therefore screen Mr. Collins' original complaint, as required by 28 U.S.C. § 1915A.[1]

### III. Discussion:

#### A. Mr. Collins' Complaint

Mr. Collins' complaint, which is only a paragraph, alleges that Nurse Dickerson has denied Mr. Collins' requests to check his blood sugar and to provide him anti-fungal cream. However, Mr. Collins fails to: (1) specifically identify Nurse Dickerson as a party Defendant; (2) state in what capacity he sues Nurse Dickerson; (3) state what relief he seeks from the Court; (4) sign his complaint; and (5) allege facts to state a plausible medical deliberate indifference claim.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

**B.     Capacity**

When a complaint is silent in this regard, the Court must construe Mr. Collins' complaint as seeking relief against Nurse Dickerson in her official capacity only. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Mr. Collins' claims against Nurse Dickerson in her official capacity are treated as claims against Crittenden County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In this § 1983 action, a county cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Mr. Collins' complaint fails to allege that he suffered any constitutional injury as the result of Crittenden County's custom or policy. As a result, he has failed to state a plausible constitutional claim for relief against Nurse Dickerson in her official capacity.

**C.     Signature**

Mr. Collins failed to sign his complaint as required by this Court's Local Rules. See Local Rule 5.5(c) (2) ("A party appearing for himself/herself [*pro se*] shall sign his/her pleadings . . .").

D. **Medical Deliberate Indifference**

To state a plausible medical deliberate indifference claim against Nurse Dickerson, Mr. Collins must allege facts to show that: (1) he had "objectively serious medical needs"; and (2) Nurse Dickerson "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[2]

The complaint contains no facts to show: (1) how many times Nurse Dickerson denied him medical treatment or medication; or (2) how the denial impacted or harmed him. See *Ervin v. Busby*, 992 F.2d 147, 150-151 (8th Cir. 1993); *Schaub v. VonWald*, 638 F.3d. 905, 915 (8th Cir. 2011) (holding a prisoner must

---

[2] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); *see Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; *see Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

show defendants "ignored an acute or escalating condition" or that the delay "adversely affected his prognosis").

Thus, Mr. Collins fails to state a plausible medical deliberate indifference claim.

## IV.   Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Collins' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.   The Clerk be instructed to close this case.

3.   The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.   In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 4 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE